**CORONET–WESTERN, a division of Coronet Industries, Inc., Petitioner and Cross-Respondent,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent and Cross-Petitioner.**

No. 74–2533.

United States Court of Appeals, Ninth Circuit.

June 9, 1975.

ing in *DeMarco* did not turn on this characterization.

John L. Zenor, O'Melveny & Myers, Los Angeles, Cal., for petitioner.

Elliott Moore, Acting Asst. Gen. Counsel, N.L.R.B., Washington, D. C., Peter G. Nash, Gen. Counsel, John S. Irving, Deputy Gen. Counsel, Patrick H. Hardin, Assoc. Gen. Counsel, Robert G. Sewell, Michael L. Goldberg, N.L.R.B., Washington, D. C., for respondent.

### OPINION

Before BARNES, ELY, and WRIGHT, Circuit Judges.

#### PER CURIAM:

The Board's Decision and Order is reported at 212 NLRB No. 70 (1974).

Coronet-Western petitions for review of the Order, which requires the company to bargain with Teamsters Local 389. The Board cross-petitions for enforcement.

Coronet-Western has refused to bargain with the Teamsters in order to obtain judicial review of the validity of a representation election which resulted in the Board's certification of the Teamsters as the exclusive bargaining agent for certain of Coronet-Western's employees. Both before the Board and here, Coronet-Western has argued that the election should be set aside because, on the day before the election was held, the Teamsters circulated allegedly misleading campaign materials.

■ In supervising election proceedings, the Board has a wide degree of discretion. The scope of our review, on the other hand, is limited. See, e. g., NLRB v. A. J. Tower Co., 329 U.S. 324, 330, 67 S.Ct. 324, 91 L.Ed. 322 (1946); NLRB v. Sauk Valley Manufacturing Co., Inc., 486 F.2d 1127, 1130 (9th Cir. 1973).

■ While the Teamsters' campaign materials might have been slightly misleading, and although Coronet-Western had no opportunity to respond to the materials, Coronet-Western has not shown that the Board erred in concluding that the materials did not *significantly* impair the election process. See NLRB v. Sauk Valley Manufacturing Co., Inc., supra at 1130–31; cf. Thiem Industries, Inc. v. NLRB, 489 F.2d 788 (9th Cir. 1973).

The contentions made in Coronet-Western's Petition to Review are rejected, and, pursuant to the Board's cross-petition, the Board's Order will be

Enforced.